JUDGE SWEET 11 CIV 2820

RECEIVED APR 26 2011 U.S.D.C. S.D. N.Y. CASHIERS

CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMUNDO URAGA-PAVIA and ELOY GUZMAN GARCIA, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

GREAT FARM CORP., CHUNG A. YANG, MIN YANG, and JOSEPH YUS,

Defendants.

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, RAYMUNDO URAGA-PAVIA and ELOY GUZMAN GARCIA (hereinafter, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, GREAT FARM CORP. ("GREAT FARM"), CHUNG A. YANG, MIN YANG, and JOSEPH YUS, (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs, RAYMUNDO URAGA-PAVIA and ELOY GUZMAN GARCIA, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours a day; (4) liquidated damages equal to twenty-five (25) percent of the sum of their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are each residents of New York County, New York.

6. Defendant, GREAT FARM, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 181 Columbus Avenue, New York, New York 10023.

7. Upon information and belief, Defendants, CHUNG A. YANG, MIN YANG, and JOSEPH YUS, are owners, officers, directors, and/or managing agents of

2

GREAT FARM, whose addresses are unknown at this time and who participated in the day-to-day operations of GREAT FARM and acted intentionally and maliciously and are each an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with GREAT FARM.

8. Plaintiff, RAYMUNDO URAGA-PAVIA, was continuously employed by Defendants in New York County, New York, to work as a non-exempt food preparer and cashier for Defendants' delicatessen/market from in or about 1995 until on or about March 31, 2011.

9. Plaintiff, ELOY GUZMAN GARCIA, was continuously employed by Defendants in New York County, New York, to work as a non-exempt stock person, cleaner, and flower stand attendant for Defendants' delicatessen/market from in or about March 2010 until on or about April 8, 2011.

10. At all relevant times, GREAT FARM was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by GREAT FARM.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

15. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16. In or about 1995, Plaintiff, RAYMUNDO URAGA-PAVIA, was hired by Defendants to work as a non-exempt food preparer and cashier for Defendants' twenty-four (24) hour delicatessen/market known as Great Farm, located at 181 Columbus Avenue, New York, New York.

17. Plaintiff worked continuously for the Defendants in such capacities until on or about March 31, 2011.

18. During the course of Plaintiff's employment by Defendants, he typically worked over forty (40) hours per week.

19. Plaintiff worked six (6) days a week, and his work shift consisted of twelve (12) hours per day, from 7:00 a.m. until 7:00 p.m.

20. Plaintiff was not paid proper minimum wages or overtime compensation. From the start of his employment through approximately 2005, Plaintiff was paid, in cash, $320 per week, straight-time for all hours worked, and worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum wage as required by state and federal law.

21. Beginning in or around 2006 through approximately 2009, Plaintiff was paid, in cash, $398.20 per week, straight-time for all hours worked, and worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum wage as required by state and federal law.

22. Beginning in or around 2010 through the end of Plaintiff's employment, Plaintiff was paid, in cash, $450 per week, straight-time for all hours worked, and worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

23. In or about March 2010, Plaintiff, ELOY GUZMAN GARCIA, was hired by Defendants to work as a non-exempt stock person, cleaner, and flower stand attendant for Defendants' twenty-four (24) hour delicatessen/market known as Great Farm, located at 181 Columbus Avenue, New York, New York.

24. Plaintiff worked continuously for the Defendants in such capacities until on or about April 8, 2011.

25. During the course of Plaintiff's employment by Defendants, he typically worked over forty (40) hours per week.

26. Plaintiff worked six (6) days a week, and his work shift consisted of twelve (12) hours per day, from 7:00 p.m. until 7:00 a.m.

27. Plaintiff was not paid proper minimum wages or overtime compensation. Throughout the course of Plaintiff's employment by Defendants, Plaintiff was paid, in cash, $400 per week, straight-time, for all hours worked, and worked approximately

seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

28. Upon information and belief, Defendants, CHUNG A. YANG, MIN YANG, and JOSEPH YUS, are individuals who own the stock of GREAT FARM, own GREAT FARM, and manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

32. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

33. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

37. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

38. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

39. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

40. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum or time and one-half their regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

41. Defendants have failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

42. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs.

44. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45. Alternatively, records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. The FLSA requires employers to post and maintain a display containing notices of employee rights to receive the statutory minimum wage, and overtime compensation. Defendants failed to display the notices of employee rights to receive minimum wages and overtime pay as required under the FLSA.

47. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

54. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay or time and one-one their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142.2-4.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

57. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Unlawful Withholding of Wages]

58. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The Fair Labor Standards Act and New York Labor Law prohibit employers from withholding wages or making any charges or deductions from the wages of their employees. 29 U.S.C. § 201 *et. seq.*; 29 C.F.R. § 531.35; New York Labor Law § 193.

60. The New York Labor Law requires employers to pay wages earned not less frequently than semi-monthly, on regular pay days designated in advance by the employer. New York Labor Law § 191.

61. Defendants unlawfully withheld wages from Plaintiffs for the last week of each of the Plaintiffs' employment.

62. Due to the intentional, willful and unlawful acts of the Defendants in withholding wages from Plaintiffs, Plaintiffs are entitled to compensatory damages and/or liquidated damages in an amount to be determined at trial, together with prejudgment interest thereon.

63. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, RAYMUNDO URAGA-PAVIA, and ELOY GUZMAN GARCIA, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of compensatory and/or liquidated damages as a result of the Defendants' willful and unlawful withholding of Plaintiffs' wages in violation of federal and state law;

(g) An award equitably tolling the statute of limitations period;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(j) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
      April 26, 2011

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
jcilenti@jcpclaw.com

By: _____
    Justin Cilenti (GC2321)